UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10485
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ABAYOMI CHARLES AKOMOLAFE,
also known as Carlos Lnu,
also known as Carlos,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-208-1-Y
--------------------
December 2, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Akomolafe appeals following his guilty-plea conviction of one count of Conspiracy to Engage in Financial Transactions Involving Criminally Derived Property in Excess of $10,000, a violation of 18 U.S.C. § 1956(h). He raises two related arguments on appeal. His first argument is that the "jurisdictional element" of § 1956(h) was not met and that the district court thus did not have subject-matter jurisdiction to hear his case.

Whether the "interstate commerce" requirement found in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§§ 1956 and 1957 is a jurisdictional requirement or an element of a conspiracy under § 1956(h) has not been determined in this circuit. There is no need, however, to decide that issue now. If it is assumed without deciding that the "interstate commerce" requirement is jurisdictional in nature, that requirement is met in this case. Akomolafe "affected interstate commerce" by stealing mail during the course of the conspiracy, as the United States Post Office is a facility of interstate commerce. See United States v. Heacock, 31 F.3d 249, 255 (5th Cir. 1994). Thus, any "jurisdictional nexus" requirement of § 1956(h) is met.

Akomolafe also argues that this "jurisdictional nexus" can be met only by a completed financial transaction, which is absent from his case. This argument is misplaced. In interpreting a statute, the court must look to the whole act, and interpret provisions consistently with each other and in reference to the statute as a whole. 2A, Norman J. Singer, Sutherland Statutory Construction, § 46.05 (5th ed. 1992). Because §§ 1956(a)(1),(h) and 1957(a) provide for the inchoate crimes of conspiracy and attempt, it is inconsistent to interpret the "jurisdictional nexus" as being satisfied by a completed transaction only. Thus, the more consistent interpretation is that the nexus can be provided by an effect on interstate commerce that came about as a result of the conspiracy to perform the illegal transaction. As noted above, this nexus is provided by Akomolafe's mail theft, which was committed during the course of the conspiracy and which affected interstate commerce.

Akomolafe's second argument is that there was an insufficient

factual basis for the district court to accept his plea. Akomolafe does not, however, argue that those facts were false or otherwise incorrect. Rather, he contends that the factual basis was incomplete because there was no completed transaction.

This argument is unavailing. The district court's acceptance of a guilty plea is a factual finding reviewable under the clearly erroneous standard. Id. at 509. The elements of a conspiracy under § 1956(h) are: 1) a conspiracy entered into by two or more persons and 2) that the defendant knew of and deliberately joined the conspiracy. United States v. Garcia Abrego, 141 F.3d 142, 163-164 (5th Cir. 1998). Whether there must be an overt act in furtherance of a § 1956(h) conspiracy has not been decided in this circuit. Id. at 164.

There is no need to reach that issue now. Again, if it is assumed without deciding that § 1156(h) requires an overt act in furtherance of the conspiracy, Akomolafe's theft of checks from the mail constitutes a such an act. The factual resume establishes that all three elements of the conspiracy were met. The district court did not clearly err in accepting the plea. Because Akomolafe has failed to demonstrate either the district court's lack of subject-matter jurisdiction or an insufficient factual basis for the acceptance of his plea, this case is
AFFIRMED.